DAVID M. AND BARBARA KAHL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kahl v. Commissioner
Docket No. 1853-76.
United States Tax Court
T.C. Memo 1981-222; 1981 Tax Ct. Memo LEXIS 524; 41 T.C.M. (CCH) 1433; T.C.M. (RIA) 81222; May 4, 1981. Robert M. Tyle, for the petitioners. Anthony M. Bruce, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined deficiencies of $ 2,428.79, $ 1,503.21, and $ 209.39, respectively, in petitioners' 1969, 1970, and 1972 federal *526 income taxes. Other issues raised by the pleadings having been resolved by agreement of the parties, the questions remaining are: (1) Whether (and if so in what amount) petitioners are entitled to a deduction under section 162 for 1972 for local transportation expenses and (2) the amount of the loss in 1972 arising from flood damage to a house and its contents owned by petitioners so as to give rise to a deduction under section 165 for 1972 and net operating loss deductions under section 172 for 1969 and 1970. FINDINGS OF FACT Some of the facts are stipulated, and they are so found. Petitioners, husband and wife, filed their joint federal income tax returns for each of the years at issue with the Internal Revenue Service Center at Andover, Massachusetts. At the time the petition herein was filed, they resided at Corning, New York. Issue 1. Local transportation expenses. Petitioner David M. Kahl was employed after January of 1972 as a plant comptroller by Corning Glass Works. The plant in Erwin, New York, where his office was located from February through the end of the year, was approximately 8 miles from the company's plants in Corning, New York. Once or twice *527 a day, he was required in the performance of his duties to travel in his private automobile between his office in Erwin and other facilities of the company in Corning; an aggregate of 4,175 miles in 1972. He was not reimbursed for any of that transportation. Issue 2. Casualty loss. On June 13, 1972, petitioners purchased a two-story house for $ 31,500, intending to occupy it as their residence on June 24. On June 23, flood waters spawned by Hurricane Agnes flooded the house. Water rose to a level of a foot on the second floor causing extensive damage to the structure and some personal property on the premises. After the flood, the National Guard removed debris from the property with a bulldozer and petitioners and members of their family cleaned up the mess. Petitioners paid approximately $ 14,000 for labor and materials to repair the house. The repairs did not cure all of the damage caused by the flood. Petitioners received disaster loans from the Small Business Administration (SBA) in the sum of $ 11,900. Repayment of $ 5,000 was forgiven by the SBA. The fair market value of the realty was $ 31,500 immediately before the flood and $ 14,500 immediately thereafter. *528 The property had an adjusted basis in petitioners' hands in excess of $ 17,000. On their 1972 federal income tax return, petitioners claimed a casualty loss deduction of $ 33,615, as follows: Damage to realty
$ 31,225
Damage to personalty
2,106
Post flood clean up
384
Total loss
$ 33,715
Less sec. 165(c)(c) limitation
100
Deduction
$ 33,615
Respondent determined the allowable deduction to be $ 10,992.85, as follows: Structural damage
$ 13,986.85
Personal property damage
2,106.00
Gross loss
$ 16,092.85
Less: SBA loan forgiveness
$ 5,000
$ 100 limitation
100
Total
5,100.00
Deductible loss
$ 10,992.85
Petitioners now concede that the amount of their claimed loss should be reduced by the amount ($ 5,000) of the SBA indebtedness which was forgiven. OPINION Issue 1. Local transportation expenses. Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Employees' unreimbursed expenses of local transportation, incurred in the performance of their business as employees, are deductible. Petitioner David *529 M. Kahl's convincing testimony persuades us that he used his automobile in the performance of his employment duties to drive 4,175 miles in 1972, and we hold that petitioners are entitled to a deduction in the amount based upon that mileage in accordance with the standard mileage rate of Rev. Proc. 70-25, 1970-2 C.B. 506. Issue 2. Casualty loss. Section 165(a) permits individuals to deduct losses suffered upon the damage to or destruction of nonbusiness property by reason of fire, storm, shipwreck or other similar casualty to the extent that the loss not compensated for by insurance of otherwise from each such casualty exceeds $ 100. See sec. 165(c)(3). Respondent does not contest petitioners' claim of $ 2,106 as the value of their personalty lost in the hurricane. Petitioners now concede that the amount of the loss should be reduced by $ 5,000; the amount of the SBA loan forgiveness. The only dispute is the amount of the loss to petitioners' realty caused by the storm. That issue is essentially factual, and petitioners have the burden of proof. Pfalzgraf v. Commissioner, 67 T.C. 784, 787 (1977); Axelrod v. Commissioner, 56 T.C. 248, 256 (1971). *530 "The proper measure of the loss sustained has generally been said to be the difference between the fair market value of the property immediately before the casualty and its fair market value immediately thereafter, but not to exceed its adjusted basis." Lamphere v. Commissioner, 70 T.C. 391, 395 (1978). The purchase of the property by petitioners shortly before the storm seems clearly to establish its fair market value at or near that amount. There being no other evidence here of its value immediately before the flood, we have found as a fact that it was the amount petitioners paid for it; $ 31,500. Petitioners maintain that they expended $ 16,130.67 to repair the property. Some of those expenses, however, appear to have related to personalty and the evidence of others is too unspecific to permit us to give it full weight. All in all, we have found that petitioners expended approximately $ 14,000 for labor and materials to make repairs. Keeping in mind that the repairs did not cure all of the damage done to the realty by the flood, with the description of the damage and all the other evidence in the record before us, and in light of the admonitions of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), *531 we have found as a fact that the fair market value of the realty was $ 14,500 immediately after the flood. Accordingly, we find that petitioners suffered a loss to their realty in the amount of $ 17,000 before taking into account the SBA loan forgiveness and the $ 100 limitation of section 165(c)(3).We hold that petitioners are entitled to a deduction under section 165 in the amount of $ 14,006 for 1972. In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.